UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MEDICINE SHOPPE INTERNATIONAL,     )
                                   )
            Plaintiff,             )
                                   )
        vs.                        )          No. 4:01-CV-1142 (CEJ)
                                   )
MRIDULA P. RAITHATHA               )
                                   )
            Defendant.             )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant
Mridula Raithatha to vacate the arbitration award entered against
her and to vacate the December 12, 2001 order confirming the award.
Both parties have submitted briefs on the issue.

## I. Background

On August 24, 1983, plaintiff and defendant executed a license
agreement for the operation of a Medicine Shoppe pharmacy in
Richmond, Kentucky.  Among the provisions of the agreement was an
arbitration clause providing that "[a]ny controversy or claim
arising out of or relating to this Agreement or its interpretation
or enforcement shall be submitted to arbitration in the City or
County of St. Louis according to the rules then obtaining of the
American Arbitration Association." The license agreement provided
that defendant must pay a license fee to plaintiff each month, and
that defendant may not assign the agreement to other individuals or
corporations without plaintiff's written consent.  Additionally,
the agreement specified that it would be considered a Missouri
contract and governed by Missouri law.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In 1986, defendant assigned her interest to M.P.R. Inc., without the knowledge or consent of plaintiff. According to plaintiff, at some point defendant also ceased paying the license fee specified in the agreement.

On June 9, 2000, plaintiff filed a demand for arbitration with the American Arbitration Association, asserting that defendant had breached the agreement. Defendant's attorney at the time, Robert Treadway, attended a pre-hearing conference on October 17, 2000, with plaintiff's counsel and the appointed arbitrator. On January 7, 2001, Treadway sent a letter to plaintiff's representative refusing to arbitrate on a variety of grounds. Neither Treadway nor the defendant attended the arbitration hearing. The arbitrator, having satisfied himself that defendant had sufficient notice of the hearing, proceeded with the hearing. On January 24, 2001, the arbitrator entered an award against defendant of $134,798.84 in past license fees, plus costs, attorneys' fees and interest.

According to defendant, Treadway never informed her that there was any dispute or arbitration proceeding. Defendant alleges that Treadway was suffering from a "mental and/or emotional illness" at the time, and that because of this illness, Treadway never informed her of the claim or the case.

On July 19, 2001, plaintiff initiated the instant action to confirm the award pursuant to the Federal Arbitration Act, 9 U.S.C. §9. On September 10, 2001, the summons and the complaint, to which a copy of the arbitration award was attached, were personally

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

served on defendant.  Defendant was still represented by Treadway, who filed an answer on her behalf.  On October 17, 2001, the defendant was ordered to show cause in writing why the arbitration award should not be confirmed.  Defendant was given thirty days to comply with the show-cause order.   Defendant did not respond, and on December 12, 2001, an order was entered confirming the arbitrator's award.  The defendant now states that Treadway never told her about the order to show cause or about the order confirming the award.

On May 29, 2003, plaintiff took possession of the defendant's pharmacy in Kentucky, after registering the order of confirmation there.  Defendant contends that this was the first notice she had of the order to show cause or the order confirming the award. Defendant filed the instant motion to vacate on February 1, 2006.

## II. Discussion

Under the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, a court may overturn an arbitrator's award under four circumstances:

> (1) where the award was procured by corruption,
> fraud, or undue means;
>
> (2) where there was evident partiality or
> corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of
> misconduct in refusing to postpone the hearing,
> upon sufficient cause shown, or in refusing to
> hear evidence pertinent and material to the controversy;
> or of any other misbehavior by which the rights of any
> party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers,
> or so imperfectly executed them that a mutual,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> final, and definite award upon the subject matter
> submitted was not made.

9 U.S.C. §10(a). "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." Id. at §12. "The failure to give notice as required justifie[s] the dismissal of the action." Witt v. Reinholdt & Gardner, 587 F.2d 383, 384 (8th Cir. 1978).

Missouri has adopted the Uniform Arbitration Act's requirement that a motion to vacate an award "be made within ninety days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within ninety days after such grounds are known or should have been known." 435 R.S.Mo 405 §(2).

Defendant asserts that Treadway's misconduct deprived her of notice of the arbitration proceedings and therefore of the opportunity to be heard. She asserts that this falls under the heading of an award procured by "undue means" or "misconduct."[1] Lack of adequate notice of an arbitration proceeding can be grounds for vacating an award. However, defendant's claim is time-barred. The summons and a copy of the arbitration award were personally served on defendant on September 10, 2001. So, by that date,

---

[1]It is unclear from the defendant's pleadings what "misconduct" she alleged. Section 11 of the FAA specifies a grounds for vacating an arbitral award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown." No cause was shown why the hearing should be postponed, and since defendant (through her counsel) had theoretically been notified, there was no reason to delay.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

defendant was aware that an arbitration had occurred and an award had been issued.

Under either the FAA's three-month rule or Missouri's 90-day standard, the last day for defendant to contest the arbitral award was December 10, 2001. Defendant has presented no evidence that Treadway in any way misled her or prevented her from contesting the award. The deadline for bringing an action to vacate the award passed without any challenge being made, and the award was therefore duly confirmed. To reopen the case now, some five years after the arbitrator issued his judgment and award, would be to undercut the most basic concepts of efficiency and finality underlying the FAA's endorsement of arbitration as a means of resolving disputes.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to vacate [#22] is **DENIED.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com